# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-886
Lower Tribunal No. 13-287-A-P
_____

**Martinez Watts,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge.

Martinez Watts, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

Martinez Watts appeals from the trial court's order denying his July 2020 petition for writ of habeas corpus, by which Watts sought to challenge the validity of his November 2013 arrest, which resulted in a charge of burglary of a dwelling, to which he pleaded guilty in April 2014.[1]

We note that the trial court previously denied a 2016 motion for postconviction relief in which Watts raised the very same issue but couched it as a claim of ineffective assistance of counsel in failing to file a motion to suppress evidence resulting from an invalid arrest. We affirmed the trial court's order denying that 2016 motion, see Watts v. State, 206 So. 3d 715 (Fla. 3d DCA 2016),[2] and we affirm the instant order as well. See Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004) (reaffirming the well-established principles that "habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief, . . . [n]or can habeas corpus be used as a means to seek a second appeal or to litigate issues that could have been or were raised in a motion under rule 3.850") (citations omitted);

---

[1] Watts was originally charged with seven counts. Pursuant to a plea agreement, and in exchange for Watts' plea of nolo contendere to the charge of burglary of a dwelling, the State dismissed the six remaining counts.

[2] See also Watts v. State, 3D19-1704 (denying petition for writ of mandamus), Watts v. State, 3D18-1377 (same), Watts v. State, 3D17-1136 (same) and Watts v. State, 3D14-1145 (affirming judgment and sentence on direct appeal).

Beiro v. State, 289 So. 3d 511, 511 (Fla. 3d DCA 2019) (noting: "The mere incantation of the words 'manifest injustice' does not make it so.")

Affirmed.